# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# JOHNSTOWN DIVISION

| | |
|---|---|
| MICHAEL ALSTON, | Case No. 3:20-cv-163 |
| Plaintiff, | The Honorable Stephanie L. Haines |
| v. | Electronically Filed |
| SHEETZ, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendant, Sheetz, Inc. ("Sheetz"), by and through its undersigned counsel, Christopher T. Lee, Esquire, Anthony M. Fitzpatrick, Esquire, and the law firm of Dickie, McCamey & Chilcote, P.C., hereby moves this Honorable Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof files the within Motion to Dismiss:

1. In his one-count Complaint, Plaintiff purports to set forth a contractual discrimination claim, based upon race, against Sheetz pursuant 42 U.S.C. §1981. *See* Complaint (Doc. 1) at Count I. In his pleading, Plaintiff alleges that he "intended to buy gasoline" from Sheetz at some unspecified time. *Id*. at ¶14.

2. In order to state a claim under Section 1981, a plaintiff must allege facts in support of the following elements: "(1) [he] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts. . . ." *Brown v. Philip Morris, Inc*., 250 F.3d 789, 797 (3d Cir. 2001) (internal citations omitted).

3.     Under Section 1981, a contractual relationship cannot be speculative. Indeed, "a claim under Section 1981 must allege the actual loss of a contract interest, not merely the possible loss of future contract opportunities." *McCrea v. Saks, Inc.*, 2000 U.S. Dist. LEXIS 18990, *8 (E.D. Pa. Dec. 2, 2000).

4.     In dismissing a plaintiff's Section 1981 claims, the *McCrea* court found that plaintiff's claimed contractual interest was too speculative, noting that:

> [t]he plaintiff does not assert that the defendant refused to sell her the shirt in question; rather, she contends that the store harassed and discouraged her from making the purchase. Moreover, she has produced no evidence to suggest that she had anything more than a general interest in the shirt. She has failed to demonstrate that she would have attempted to purchase the shirt even if she had not been harassed by the security guard. Finally, she has failed to show that the defendant knew she intended to purchase a shirt, or that the defendant intended to prevent her from doing so.

*Id*. at *8 (internal citations omitted) (emphasis added).

5.     Several courts of appeals have also addressed Section 1981 claims in the retail store context and found that a plaintiff must demonstrate an affirmative step towards completing a purchase. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 470 (8th Cir. 2009)("In view of the statute's focus on protecting a contractual relationship, a shopper advancing a claim under § 1981 must show an attempt to purchase, involving a specific intent to purchase an item, and a step toward completing that purchase.") *Id*. at 470.

6.     As set forth in detail in the accompanying Brief in Support filed by Sheetz, Plaintiff's Complaint should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has not alleged any purported discrimination in the context of a statutorily protected activity under Section 1981. Plaintiff has failed to demonstrate that he was a Sheetz customer, who attempted to purchase gasoline, or that Sheetz prevented him from completing

this transaction. At best, Plaintiff had a "general interest" in gasoline, which is not enough to survive a motion to dismiss. *McCrea*, 2000 U.S. Dist. LEXIS 18990 at *8.

7. Additionally, Plaintiff's Complaint should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to demonstrate that Sheetz intended to discriminate against him on the basis of race. *See e.g. McCrea*, 2000 U.S. Dist. LEXIS 18990 at *8; *Cedeno v. Wal-Mart Stores, Inc.*, 1999 U.S. Dist. LEXIS 18851 (E.D. Pa. Nov. 29, 1999); *Anderson v. Dolgencorp, LLC*, 2014 U.S. Dist. LEXIS 68141, *14-15 (M.D. Ala. May 19, 2014)("Recipients of EBT cards qualify to receive food stamp benefits on the basis of impoverished income, not race, and yelling "get a job" is not a comment that on its face is based on race.")

8. As set forth in detail in its accompanying Brief in Support, an alleged figure of speech that Plaintiff -- who was on Sheetz's property, unannounced and without permission, while furthering the goals of some unidentified company -- "could be a terroristic threat" is insufficient as a matter of law to demonstrate an intent to discriminate against Plaintiff on the basis of race. An alleged comment of this nature is not based on race, as it can apply to an individual of any race and ethnicity.

9. In the alternative, Plaintiff should be required to file a more definitive pleading pursuant to Fed. R. Civ. P. 12(e) because his Complaint is too vague and ambiguous, as set forth herein and as described in further detail in Sheetz's accompanying Brief in Support.

10. The undersigned has stated Sheetz's position, with respect to the within Motion to Dismiss, to Plaintiff's counsel. Plaintiff's counsel opposes the relief sought in Sheetz's Motion to Dismiss.

WHEREFORE, Plaintiff's Complaint should be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Plaintiff should be required to file a more definitive pleading pursuant Federal Rule of Civil Procedure 12(e).

        Respectfully submitted,

        DICKIE, McCAMEY & CHILCOTE, P.C.

        By: /s/ Christopher T. Lee

        Christopher T. Lee, Esquire
        PA I.D. #62422
        clee@dmclaw.com

        Anthony M. Fitzpatrick, Esquire
        PA I.D. #314508
        afitzpatrick@dmclaw.com

        Two PPG Place, Suite 400
        Pittsburgh, PA 15222-5402
        Telephone: (412) 281-7272

        *Counsel for Defendant, Sheetz, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to this Honorable Court's Interim Standing Order, the undersigned has made a good faith effort to confer with Plaintiff's counsel regarding Sheetz's Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). It is the undersigned's position that the pleading deficiencies identified in Sheetz, Inc.'s Motion to Dismiss cannot be cured by amendment.

/s/ Christopher T. Lee

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the Court's CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Christopher T. Lee